IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY LORUSSO,<br>   #345454,<br>      PLAINTIFF, | §<br>§<br>§<br>§ | |
| V. | § | CIVIL CASE NO. 3:22-CV-1504-N-BK |
| LOUIE GOHMERT,<br>      DEFENDANT. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Plaintiff Michael Anthony LoRusso, a Florida state prisoner, filed this *pro se* civil rights complaint against Texas Congressman Louie Gohmert. Doc. 6. He also filed a motion for leave to proceed *in forma pauperis*. Doc. 7. Nevertheless, upon review of the relevant pleadings and applicable law, this case should be **DISMISSED** as barred by three strikes.

**I. ANALYSIS**

The "three-strike" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court that were dismissed as frivolous or malicious, or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007); *see also Brown v. Megg*, 857 F.3d 287, 290-91 (5th Cir. 2017) ("[S]ection 1915(g) comports with the PLRA's effort 'to filter out the bad claims filed by

prisoners and facilitate consideration of the good.'" (quoted case omitted)). "A dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice." *Lomax v. Ortiz-Marquez*, — U.S. —, 140 S. Ct. 1721, 1727 (2020). Moreover, "a strike issues only when the entire case is dismissed for being frivolous, malicious, or failing to state a claim." *Brown*, 857 F.3d at 290-91.

LoRusso has a long and abusive filing history, having filed over 40 non-habeas civil actions nationwide.[1] Also, he has accrued three strikes under § 1915(g). Before this lawsuit was filed, district courts in Georgia and Florida dismissed as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A(b) at least five civil actions that LoRusso filed while confined as a prisoner. *See, e.g., LoRusso v. McCabe*, 8:20-CV-1916 (M.D. Fla. Dec. 15, 2020) (dismissal for failure to state a claim under § 1915(e)(2)); *LoRusso v. Upton*, 1:03-CV-132 (M.D. Ga. Sept. 16, 2003) (dismissal as frivolous under § 1915(e)(2)); *LoRusso v. Fayetteville, Ga.*, 1:03-CV-005 (M.D. Ga. Nov. 3, 2003) (dismissal as frivolous under § 1915A(b)); *Lorusso v. Upton*, 1:03-CV-138 (M.D. Ga. Sep. 16, 2003 (dismissal for failure to state a claim under § 1915(e)(2)). In addition, several courts nationwide held previously that LoRusso is barred from filing civil lawsuits by the PLRA three-strike provision. *See e.g. LoRusso v. DeSantis*, No. 8:21-CV-2198 (M.D. Fla. Oct. 15, 2021) (collecting cases and dismissing as barred by the three strikes under § 1915(g)); *LoRusso v. Gualtieri*, No. 8:21-CV-2786 (M.D. Fla. Jan. 10, 2022) (same); *LoRusso v. Florida Dep't of Corr.*, 8:22-CV-1606 (M.D. Fla. July 21, 2022) (same); *LoRusso v. Brooks*, 2:22-CV-0260 (N.D. Ala. May 17, 2022) (same); *LoRusso v. Crowder*, No. 2:22-CV-448 (D. Utah Aug. 3, 2022) (same).

---

[1] *See* PACER Case Locator at https://pcl.uscourts.gov/pcl/index.jsf (last accessed on Sept. 19, 2022).

Having accumulated three "strikes," § 1915(g) precludes LoRusso from proceeding in this action *in forma pauperis* unless he alleges that he is in "imminent danger of serious physical injury" at the time of filing the complaint.  See *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam).  Here, LoRusso contends that Texas Congressman Gohmert has "spread lies [about] the 2020 election . . . along with President Trump [and] emotionally damaged every American" because it led to violence and the attack on the U.S. Capitol.  Doc. 6 at 3-4.  Even when liberally construed, the complaint is wholly devoid of any allegation of imminent danger of serious physical injury.  See *Roberson v. Morgan*, 858 F. App'x 158, 159 (5th Cir. 2021) (per curiam) ("[S]peculative and conclusory allegations are insufficient to make the showing required to avoid application of the three strikes bar under § 1915(g).").  LoRusso is thus barred from proceeding *in forma pauperis* under § 1915(g).

## II.  CONCLUSION

LoRusso's motion for leave to proceed *in forma pauperis* should be **DENIED** and his complaint should be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g). Such dismissal is with prejudice to LoRusso refiling an *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to him refiling this lawsuit with full payment of filing and administrative fees of $402.00.

**SO RECOMMENDED** on September 26, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).